UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIA GRIFFIN,

       Plaintiff,                                      Case No. 16-cv-10071

vs.                                                HON. MARK A. GOLDSMITH

LISA HEIGLER, et al.,

       Defendant.

_____/

**ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE**
**JUDGE'S REPORT AND RECOMMENDATION DATED AUGUST 24, 2016 (Dkt. 17);**
**AND (2) GRANTING DEFENDANTS' MOTIONS TO DISMISS (Dkts. 11, 12)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge R. Steven Whalen, issued on August 24, 2016 (Dkt. 17). In the R&R, the Magistrate Judge recommends that Defendants' motions to dismiss (Dkts. 11, 12) be granted.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v.

Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, Defendants' motions to dismiss (Dkts. 11, 12) are granted, and Plaintiff's complaint is dismissed with prejudice as to Defendants Lindsey Rauch, William Stellman, and any John Doe defendants who worked for the Warren Police Department.

SO ORDERED.


Dated: September 14, 2016                    s/Mark A. Goldsmith
Detroit, Michigan                            MARK A. GOLDSMITH
                                             United States District Judge



## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 14, 2016.

                                             s/Karri Sandusky
                                             Case Manager