UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIA GRIFFIN,

          Plaintiff,                 No. 16-10071

v.                              District Judge Mark A. Goldsmith
                                  Magistrate Judge R. Steven Whalen

LISA HEIGLER, ET AL.,

          Defendants.

_____/

**OPINION AND ORDER DENYING MOTION TO AMEND COMPLAINT**

On January 8, 2016, Plaintiff Nia Griffin filed a *pro se* civil complaint centered on the January 7, 2013 entry into and search of her home by Michigan Child Protective Services ("CPS") workers and Warren Police Officers. On August 24, 2016, I filed a Report and Recommendation ("R&R"), recommending that the Defendants' motions to dismiss be granted [Doc. #17]. On September 14, 2016, the Court accepted my recommendation and granted the Defendants' motions to dismiss [Doc. #18].

Still pending is Plaintiff's motion to amend her complaint [Doc. #14], which she filed instead of a response to the Defendants' motions to dismiss. She seeks to add numerous claims and several other Defendants.

-1-

2:16-cv-10071-MAG-RSW   Doc # 19   Filed 09/22/16   Pg 2 of 5   Pg ID 226

Fed.R.Civ.P. 15(a) states that after a responsive pleading is filed, a complaint may be amended only by leave of the court, and that "leave shall be freely given when justice so requires." However, despite the general rule of liberality with which leave to file amended complaints is to be granted, the Sixth Circuit has held that when a proposed amended complaint would not survive a motion to dismiss, the court may properly deny the amendment as futile. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corporation v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court...." *Foman v. Davis*, 371 U.S. 178 (1962).

In my R&R, I explained that the statute of limitations for federal civil rights claims in this district is three years, the same as Michigan's statute of limitations for personal injury claims. *See Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986). Plaintiff's original complaint was based on actions that occurred on January 7, 2013, more than three years before her complaint was filed; therefore, the claims asserted in that complaint were time-barred. The same reasoning applies to allegations in her proposed amended complaint arising out of conduct on January 7, 2013, specifically allegations against the Defendant police officers and Defendant Rauch.

-2-

Moreover, the bulk of the new allegations levelled against the new Defendants[1]–all of whom are employees of the State Department of Health and Human Services–relate to conduct alleged to have occurred in February and March of 2013. Plaintiff filed her motion to amend on April 5, 2016, more than three years later. Those claims are likewise time-barred.  The "relation back" doctrine of Rule 15 does not apply. Amendments "will not survive preclusive application of the statute of limitations unless the amendments are corrections of misnomers." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Here, Plaintiff seeks to bring substantive claims of which she was clearly aware in 2013, and names entirely new Defendants. She does not seek to correct a misnomer.

As to these and other claims against the DHHS workers, which revolve principally around Plaintiff's allegations that these workers provided false information in child protective proceedings in State court, the Defendants are protected by qualified immunity based on the Sixth Circuit's decision in Sixth Circuit's decision in *Pittman v. Cuyahoga County Dept. of Children and Family Services*, 640 F.3d 716 (6th Cir. 2011).  In *Pittman*, the Court assumed that under the Due Process Clause, the plaintiff had "a fundamental liberty interest in maintaining his parent-child relationship...." *Id*. at 727.[2] The plaintiff in *Pittman* alleged that a social worker made false representations to the court in a parental

---

[1] Plaintiff also names the Department of Health and Human Services in her proposed amended complaint.

[2] For purposes of the qualified immunity analysis under *Pittman*, it does not matter whether the claimed right is grounded in the Due Process Clause or the First Amendment.

termination case, and interfered with his right to participate in those proceedings.  Finding

that the social worker was entitled to qualified immunity, the Sixth Circuit held:

> "Because the juvenile court has the ultimate decisionmaking power with
> respect to placement and custody, it alone could deprive Pittman of his
> fundamental right. Therefore, Hurry's conduct did not violate Pittman's
> substantive due process rights, and she has qualified immunity against that
> claim." *Id*. at 729.

*Lebeau v. Michigan Dept. of Human Services,* 2011 WL 4962386

(E.D.Mich.2011)(Duggan, J.), involved child removal proceedings in which the evidence

showed that social workers were privy to the plaintiff-father's contact information, but

decided not to contact him.  DHS investigators indicated that they had made no effort to

verify the mother's allegations of abuse.  *Id*. at *3.  Citing *Pittman*, the Court found that

the social workers were protected by qualified immunity. *See also Kolley v. Adult*

*Protective Services*, 2012 WL 5819475, *7 (E.D. Mich. 2012)(Goldsmith, J.)(citing

cases)("Since the May 2011 *Pittman* decision, multiple district courts in this Circuit have

applied *Pittman* to reject similar claims.").

Because Plaintiff's proposed amended complaint would be subject to dismissal

under Rule 12(b)(6), granting leave to amend would be futile.

Accordingly, Plaintiff's motion to amend her complaint [Doc. #14] is DENIED.

**IT IS SO ORDERED.**

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  September 22, 2016

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on September 22, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen