UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIA GRIFFIN,

       Plaintiff,                                No. 16-10071

v.                                       District Judge Mark A. Goldsmith
                                                  Magistrate Judge R. Steven Whalen

LISA HEIGLER, ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

On January 8, 2016, Plaintiff Nia Griffin filed a *pro se* civil complaint centered on the January 7, 2013 entry into and search of her home by Michigan Child Protective Services workers and Warren Police Officers. All Defendants except Lisa Heigler, identified as a "Michigan Department of Human Services Employee," have been dismissed. Defendant Heigler has not been served. For the reasons discussed below, I recommend that Defendant Heigler be DISMISSED WITHOUT PREJUDICE under Fed.R.Civ.P. 4(m), for failure of timely service.

**I.    FACTS**

Ms. Griffin states that at the time of filing the complaint, she was a "former foster parent and adoptive parent of two highly traumatized children from the Michigan Foster Care System." *Complaint* [Doc. #1], ¶ 13. It appears that she had adopted these children as early as 2010. *Id*. ¶¶ 17-18. Between 2012 and January of 2013, Ms. Griffin, and possibly the children (the complaint is less than clear on this point) attended therapy sessions. *Id*. ¶¶ 31-34. On January 7, 2013, Ms. Griffin attended a morning therapy session, and then went to a DTE office to have electrical service restored to her home. *Id*.

¶¶ 35-37. She alleges that she called her mother, leaving a voice mail message asking her to pick up her daughter from school. *Id*. ¶ 38.

Ms. Griffin states that shortly after 4:00 p.m. on January 7, 2013, Defendant Rauch arrived at her home. Ms. Rauch informed Ms. Griffin that "a call was placed to CPS concerning the safety and well being of her daughter." *Id*. ¶¶ 40-41, 44. After some conversation, Ms. Rauch said that she had to call her supervisor, who Ms. Griffin believes was Defendant Heigler. Following this call, Ms. Rauch said that she would need to gain access to Ms. Griffin's home "to make sure things are safe for you and your daughter." *Id*. ¶ 53. When Ms. Griffin declined entry into her home, Ms. Rauch said, "If I have to Ms. Griffin and I will call the police to gain access." *Id*. ¶ 55.

A short time later, Warren Police Officers arrived at the house. The Officers asked Ms. Griffin "if they could step in for a moment just to make sure she was okay telling her that defendant Rauch expressed concern for her safety and felt she might harm herself." *Id*. ¶ 59. When the "defendant officer" (presumably Officer Stellman) told her that this was "considered a well check and we have to come in to see if you're ok," Ms. Griffin believed that she had to comply, and allowed the Officer in to her home. Ms. Rauch followed. *Id*. ¶ 61. Ms. Griffin alleges that after the Officer asked her some questions, he and Ms. Rauch searched and photographed her entire home, including the refrigerator and kitchen cabinets. *Id*. ¶ 86. Ms. Griffin states that she "does not recall nor does she believe that verbal consent was given to search the home." *Id*. ¶ 84.

Later that night, Ms. Griffin learned that her daughter had been placed in a foster home. *Id*. ¶ 95. She alleges that on the following day, January 8, 2013, "defendant Heisenberg [sic Heigler?] committed fraud upon the court by presenting and swearing under oath information known to defendant to be untrue." *Id*. ¶ 103. More specifically,

she alleges that Heigler "intentionally withheld exculpatory evidence that would have been beneficial to Plaintiff Griffin and her daughter." *Id*. ¶ 109. Plaintiff states that "Heigler sought a removal order for plaintiffs minor child charging her with abandonment, for leaving her daughter at school and checking herself into a psychiatric Hospital." *Id*. ¶ 104.  She alleges that "Defendant Heigler made no mention to the court of all her knowledge, of plaintiff's forced removal from her home, nor did [t]he defendant make any mention of the fact that plaintiff Griffin was released the same night." *Id*. ¶ 105.

On August 24, 2016, I filed a Report and Recommendation ("R&R"), recommending that Defendant Rauch and Defendant Police Officers Stellman and Doe be dismissed, based on the complaint having been filed outside the three-year statute of limitations [Doc. #17]. On September 14, 2016, the Court adopted my R&R and dismissed these Defendants with prejudice [Doc. #18].

Defendant Heigler has not been served. Counsel for Defendant Rauch initially filed a motion to dismiss on behalf of both Rauch and Heigler, but then withdrew the motion and re-filed, naming only Defendant Rauch and stating that she inadvertently named Heigler. Counsel stated that no person by the name of Lisa Heigler is employed by the State Department of Health and Human Services, and that Heigler, who was likely misnamed in the complaint, was not served and is not represented by the Michigan Attorney General. On January 9, 2017, I ordered that the docket be corrected "to reflect that neither attorney Lisa C. Geminick nor any attorney from the Michigan Department of Attorney General represents Defendant Lisa Heigler."  I further ordered "that Plaintiff Mia Griffin show cause in writing within 14 days...why this case should not be dismissed for failure to timely serve Defendant Lisa Heigler." [Doc. #21]. The Plaintiff has not responded to the show cause order.

## II.   DISCUSSION

At the time the Plaintiff filed her complaint, Fed.R.Civ.P. 4(m) required that service of process be made within 120 days of filing the complaint:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Under this Rule, a court may exercise its discretion to extend the time for service without any showing of good cause. However, if the plaintiff does show good cause for failure to effect timely service, the court *must* extend the time. *In re Lopez*, 292 B.R. 570, 574 (E.D.Mich. 2003) ("In other words, even in the absence of good cause, the court *may* grant an extension of time for service, but if good cause is shown, the court *must* extend.").

In *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001), the Court identified five factors informing a court's exercise of discretion under Rule 4(m):

> "whether: (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process." (Citing *Wise v. Department of Defense*, 196 F.R.D. 52, 57 (S.D.Ohio 1999)).

When I filed the show cause order [Doc. #21], I gave the Plaintiff the opportunity to show good cause for an extension of time to serve Defendant Heigler. She did not respond. Because there is no basis to find good cause for the failure of service, the Court is not required to extend the time for service under Rule 4(m).

Moreover, although the Court has the discretion to grant an extension of time for

service even without a showing of good cause, the *Slenzka* factors weigh against doing so. As to the first factor, a significant amount of time– more than 16 months–has passed since the complaint was filed. The second factor is neutral, in that there is no obvious prejudice to Defendant Heigler other than the inherent prejudice of lengthy delays. The third factor weighs against the Plaintiff, since there is no showing that Heigler had actual notice of this lawsuit. The fifth factor weighs against Plaintiff, as she has not demonstrated any good faith effort at service, and indeed has not seen fit to respond to my show cause order.

The only factor weighing in Plaintiff's favor is the fact that if this case is dismissed without prejudice, her claims against Defendant Heigler will likely be time-barred. While this might ordinarily favor extending the time for service, *see In re Lopez*, 292 B.R. 570 at 574 (E.D.Mich. 2003), the strength of the other factors, especially the lengthy time that Plaintiff has had to identify the proper Defendant and effect service, and the fact that Plaintiff has not seen fit to respond to my show cause order, augurs against the Court exercising its discretion in Plaintiff's favor.[1]

### III. CONCLUSION

I recommend that Defendant Heigler be DISMISSED WITHOUT PREJUDICE under Fed.R.Civ.P. 4(m), for failure of timely service.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of

---

[1] I nonetheless recommend dismissal without prejudice, since the statute of limitations is not a jurisdiction bar to refiling the lawsuit, and Plaintiff would have the opportunity to argue for equitable tolling. *See e.g., Holland v. Florida*, 560 U.S. 631, 645 (2010).

appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: August 20, 2017         s/R. Steven Whalen
                               R. STEVEN WHALEN
                               UNITED STATES MAGISTRATE JUDGE


**CERTIFICATE OF SERVICE**

**I hereby certify on August 20, 2017 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants August 20, 2017.**

                               s/Carolyn M. Ciesla
                               **Case Manager for the
                               Honorable R. Steven Whalen**